**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-7330**

———————

JEROME YARN, JR.,

Plaintiff - Appellant,

versus

E. B. THOMAS, Lieutenant; EDWARD KIMBLE,
Sergeant; SERGEANT HINNANT; OFFICER DAVIS,

Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (CA-99-375-5-BR)

———————

Submitted:  January 16, 2003          Decided:  January 23, 2003

———————

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jerome Yarn, Jr., Appellant Pro Se. Deborrah Lynn Newton, Assistant
Attorney General, Raleigh, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jerome Yarn, Jr., appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2000) complaint.  We have reviewed the record and find no reversible error.  While Yarn has alleged abuse of the district court's discretion in denying him a jury trial and limiting the cross-examination of witnesses, he has not alleged facts which would support this conclusion.  Yarn's claim of error by the district court in its factual determination that Yarn became angry, thus prompting the institutional use of force against him, is based upon a credibility determination, which this court will not review on appeal. Murdaugh Volkswagen, Inc. v. First Nat'l Bank of S.C., 801 F.2d 719, 725 (4th Cir. 1986).  Finally, we find specious Yarn's contention that the district court erred in not evaluating the force applied and the seriousness of the resulting injury against the need for the use of force, given that such an evaluation was a necessary and integral part of the district court's final determination denying relief to Yarn.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2